UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KRISTI DUPLECHAIN, individually and on behalf of all others similarly situated | CASE NO. |
| VERSUS | |
| ABC PHONES OF NORTH CAROLINA, INC and RICHARD BALOT | |

**COMPLAINT – FLSA COLLECTIVE ACTION**

NOW INTO COURT, through undersigned counsel, comes plaintiff Kristi Duplechain ("Ms. Duplechain"), individually and on behalf of other similarly situated individuals, and respectfully submits this Complaint.

*Jurisdiction*

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter is brought under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

*Venue*

2.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) because the employer, defendant ABC Phone of North Carolina, Inc.'s ("ABC Phones") registered office in Louisiana is at 501 Louisiana Ave., Baton Rouge, LA 70802. Additionally, Ms. Duplechain and a number of the putative members of this collective action class were employed and worked in this district while being subject to the Defendants' unlawful payroll scheme.

*The Defendants*

3.

Made Defendants herein, and who are liable unto Plaintiff and other similarly situated individuals, are the following:

I. ABC Phones of North Carolina, Inc., a foreign corporation with its registered office in Louisiana located at 501 Louisiana Ave., Baton Rouge, LA 70802;

II. Mr. Richard Balot, a natural person of the age of majority residing, upon information and belief, in North Carolina.

*Statement of Facts*

4.

Ms. Duplechain and members of the putative collective action class were hired by the Defendants as "Sales Consultants" to perform sales and other related duties.

5.

Ms. Duplechain and members of the putative collective action class were paid on an hourly basis and received a percentage of their sales as a commission. The commission rate was predetermined based upon a tiered percentage of sales. The commission wages at issue in this litigation were non-discretionary on the part of the Defendants.

6.

Ms. Duplechain and members of the putative collective action class were non-exempt employees of the Defendants. The FLSA requires that Ms. Duplechain and members of the putative collective action class be paid overtime for all hours worked in excess of 40 hours per

week at a rate of one and one-half times their regular rate of pay. Moreover, the FLSA requires the Defendants to pay Ms. Duplechain and members of the putative collective action class at one and one-half times their regular rate of wage, which said regular rate must include all commissions earned during a work-week.

7.

Defendants failed to include in the overtime wages for Ms. Duplechain and the members of the putative collective action class their earned commissions during a work-week.

8.

Defendants required its Sales Consultants to work far in excess of 40 hours per work week. Ms. Duplechain routinely worked 60 or more hours in a work week.

9.

Defendants, ABC Phones and Richard Balot, directed Ms. Duplechain and the putative collective action class as to how, when, and where to perform their work.

10.

Defendant Richard Balot is also the "employer" of plaintiff and the putative collective action class, because he is the founder, an owner, and executive of the company, and he implemented, or assisted in the implementation of, ABC Phones' policy of not paying sufficient overtime to its Sales Consultants.

11.

On information and belief, Defendant Richard Balot was the founder of ABC Phones. As such, he designed and implemented the business model for ABC Phones, which said business model included the policy of not properly paying employees for their overtime wages.

12.

At all times relevant to this action, Defendant Richard Balot maintained operational control over ABC Phones, and regularly exercised authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of the business.

13.

By virtue of having regularly exercised the authority described in Paragraphs 9, 10, and 11 Defendant Richard Balot is an employer of Ms. Duplechain and the collective action class as defined by 29 U.S.C. § 201 *et seq.*

14.

Ms. Duplechain and the collective action members were all employees of the Defendants during the time period to which this action pertains. Ms. Duplechain began working for the Defendants on or about April of 2019 and is currently a furloughed employee of the Defendants.

15.

The illegal payroll scheme identified herein was the policy of Defendants at the time Ms. Duplechain began her employment with same and continues presently as the policy of the Defendants.

*FLSA Collective Action Allegations*

16.

Ms. Duplechain brings the claims set forth above on her own behalf and on behalf of all similarly situated persons employed, within the past three years, by Defendants as "Sales Consultants" and who were paid on an hourly rate with additional commissioned based upon a percentage of their sales.

17.

The defendants know the precise number, as well as the identities, of individuals who would be eligible to participate in this collective action. That group is believed to include more than 15,000 individuals. To the extent required by law, notice will be provided to the prospective members of the collective action via first class mail and/or by use of other forms of notice that have customarily been used in collective actions, subject to court approval.

18.

There are questions of fact and law common to the class, including (a) whether defendants failed to pay overtime wages as required by the FLSA to individuals employed as "Sales Consultants;" and (b) whether Defendants improperly withheld one hour per workday for each employee without allowing employees an hour break from performing work duties.

19.

At all times relevant to this action, Defendants were an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s). Additionally, plaintiff and those similarly situated were engaged in interstate commerce during their employment with Defendants. Ms. Duplechain and those similarly situated regularly and customarily used computer systems and other equipment that were produced in interstate commerce. Additionally, Ms. Duplechain and those similarly situated regularly sold cell phones and other related merchandise that was produced in interstate commerce.

20.

On information and belief, ABC Phones operates stores in over 45 of the states within the United States.

21.

On information and belief, ABC Phones has had annual gross volume of business in excess of $500,000.00 per year for each year at issue in this litigation.

22.

Ms. Duplechain and the collective action members that she seeks to represent are similarly situated and are subject to the Defendants' unlawful employment practices outlined above. Ms. Duplechain will fairly and adequately represent and protect the interests of the members of the collective action. Attorneys for plaintiff are experienced in FLSA collective actions, and are prepared to advance litigation costs as necessary to vigorously litigate this action.

***Failure to Pay Overtime***

23.

Ms. Duplechain incorporates by reference the allegations contained in the preceding paragraphs.

24.

The FLSA applies to the Defendants' employment of Ms. Duplechain and all other "Sales Consultants."

25.

Defendant ABC Phones is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

26.

Both Defendants, jointly, are the "employers" of the plaintiff and members of the collective action class as that term is defined by 29 U.S.C. § 203(d).

27.

Section 207(a)(2)(C) of the FLSA mandates that employees are entitled to overtime pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per week.

28.

The Defendants have willfully refused to pay sufficient overtime wages to plaintiff and the collective action members whom she seeks to represent for hours worked in excess of 40 hours per week in an attempt to extract a higher profit margin for the Defendants.

29.

Attached hereto and made a part hereof as Exhibit A is the *FLSA Consent to Sue* form executed by Ms. Duplechain in accordance with 29 U.S.C. §216(b).

30.

Upon information and belief, Defendant ABC Phones has attempted to resolve an overtime collective action in the matter styled *Jacob O'Bryant et al v. ABC Phones of North Carolina, Inc.*, 2:19-cv-02378 (W.D. Tenn). Ms. Duplechain expressly opts-out of any settlement negotiated in that matter. Ms. Duplechain did not have notice of that matter, and did not take part in the negotiation of that proposed settlement. Ms. Duplechain avers that the proposed settlement in that matter is patently unjust and in violation of established jurisprudence regarding FLSA settlements. Furthermore, the proposed settlement in that matter does not cover the entire work period for Ms. Duplechain and those similarly situated that would be recoverable under the FLSA.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, Ms. Kristi Duplechain, individually and on behalf of the collective action members she seeks to represent, prays for the following relief:

1. Designation of this action as a collective action pursuant to the Fair Labor Standards Act claims and a prompt issuance of notice, pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in class notifying them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b) and equitable tolling of the statute of limitations from the date of filing this complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);

2. An award of damages as provided by the FLSA, including liquidated damages to be paid by defendants;

3. An order appointing plaintiff and her counsel to represent the collective action members;

4. Reasonable attorneys' fees, costs, and expenses of this action as provided by FLSA;

5. A judgment declaring that defendants ABC Phones of North Carolina, Inc. and Richard Balot are liable *in solido* for damages as provided by the FLSA, including liquidated damages, reasonable attorney's fees, costs, and expenses of this action; and

6. Any other relief that this Court deems just.

Respectfully Submitted:

*/s/ James R. Bullman*
James R. Bullman, Bar Roll No. 35064 –T.A.
Brian F. Blackwell, Bar Roll No. 18119
*Blackwell & Bullman, LLC*
8322 One Calais Ave.,
Baton Rouge, LA 70809
Telephone: 225-769-2462
Facsimile: 225-769-2463
Email: james@blackwell-bullman.com
*Attorney for Plaintiffs*