IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KRISTI DUPLECHAIN, § § individually and on behalf of all others similarly situated, § § § § *Plaintiff*, § § v. § § ABC PHONES OF NORTH CAROLINA, INC., and RICHARD BALOT, § § § § *Defendants*. § | No. 3:20-cv-00287-JWD-SDJ |

**DEFENDANT RICHARD BALOT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND, ALTERNATIVELY, JOINDER IN ABC PHONES OF NORTH CAROLINA, INC.'S MOTION TO STAY, MOTION TO TRANSFER VENUE, MOTION TO COMPEL ARBITRATION, AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Specially appearing Defendant Richard Balot respectfully submits this Reply in Support of Motion to Dismiss for Lack of Personal Jurisdiction, and, Alternatively, Joinder in ABC Phones of North Carolina, Inc.'s ("ABC") Motion to Stay, Motion to Transfer Venue, Motion to Compel Arbitration, and Motion to Dismiss for Failure to State a Claim (ECF No. 53, the "Motion").

**I.    PRELIMINARY STATEMENT**

The Court lacks personal jurisdiction over Mr. Balot, who is a North Carolina resident, because Plaintiff has failed to meet her burden to make a *prima facie* showing of facts that would establish jurisdiction. Plaintiff has also failed to demonstrate any basis for jurisdictional discovery, as is required under Fifth Circuit precedent, because any discovery requested by Plaintiff is unlikely to produce the facts needed to establish jurisdiction. Thus, the Court should grant ABC's Motion and dismiss Plaintiff's claims against Mr. Balot in their entirety.

## II.    ARGUMENT AND AUTHORITIES

The Complaint should be dismissed as against Mr. Balot pursuant to Rule 12(b)(2) because Plaintiff has failed to meet her "burden of demonstrating the district court's jurisdiction over [Mr. Balot]." *Roussell v. PBF Consultants, LLC*, No. CV 18-899-JWD-EWD, 2019 WL 3364321, at *2 (M.D. La. July 25, 2019) (deGravelles, J.) (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)). Here, Plaintiff has not made a *prima facie* showing that establishes the Court's jurisdiction under the Louisiana long-arm statute (*see* LA. STAT. ANN. § 13:3201(B)), whether on the basis of specific jurisdiction or general jurisdiction.

As explained below, Plaintiff's allegations and evidence fail to make the required showing.[1] Pursuant to the "fiduciary shield" doctrine, which is settled law within Louisiana and the Fifth Circuit, "an individual's transaction of business within a state solely as a corporate officer does not create personal jurisdiction over that individual, though the state may have personal jurisdiction over the corporation." *FloQuip, Inc. v. Chem Rock Techs.*, No. CV 6:16-0035, 2016 WL 4574436, at *12 (W.D. La. June 20, 2016) (citing *Stuart v. Spademan*, 772 F.2d 1185, 1197(5th Cir. 1985)). After disregarding Plaintiff's allegations that speak only to Mr. Balot's alleged actions as a corporate officer, Plaintiff clearly fails to establish that Mr. Balot has the necessary "minimum contacts" with Louisiana to satisfy well-established Due Process Clause limits on personal jurisdiction. Furthermore, even if the Court were to ignore the impact of the "fiduciary shield" doctrine, adding up all of the allegations and evidence that Plaintiff can muster

---

[1] Louisiana courts have consistently held that, "in assessing whether the plaintiff has presented a *prima facie* case of personal jurisdiction, the court will not credit conclusory allegations, even if uncontroverted." *Cooper v. Primary Care Sols., Inc.*, No. CV16259EWDCONSENT, 2017 WL 1086186, at *2 (M.D. La. Mar. 21, 2017) (internal quotations omitted, emphasis in original). As explained herein, although Plaintiff's allegations could certainly be considered "conclusory," even if the Court credits Plaintiff's bare-bones allegations, Plaintiff's showing still falls short. Moreover, this Court is "not required to credit the jurisdictional allegations contained in [Plaintiff's] complaint or resolve the parties' dispute in [Plaintiff's] favor, where these allegations are directly disputed and only one party has submitted credible evidence in support of its position," such as Mr. Balot's sworn affidavit. See *Schultz v. Moser Engine Serv., Inc.*, No. SA-16-CV-738-OLG, 2017 WL 8182730, at *4 (W.D. Tex. Mar. 13, 2017).

concerning Mr. Balot, she still falls short of establishing the requisite minimum contacts. Because Plaintiff's allegations and evidence fail to establish personal jurisdiction, this Court should dismiss Plaintiff's claims against Mr. Balot in their entirety.

### A. There Is No Specific Jurisdiction Over Richard Balot in Louisiana

That this Court does not have specific personal jurisdiction over Mr. Balot is not even a close question because Plaintiff only alleges *the corporate defendant ABC's* contacts with Louisiana and not Mr. Balot's contacts. Mr. Balot did not engage in any such contact personally. (*See* ECF No. 53-2 at ¶ 19, hereinafter "Balot Decl.") *See Klinge v. KBL Assocs., LLC*, No. SA-20-CV-470-XR, 2020 WL 3415877, at *4 (W.D. Tex. June 19, 2020) ("[E]ach defendant's contacts must be assessed individually."). In determining personal jurisdiction over an individual defendant under the FLSA, Courts in this Circuit first look to "whether the plaintiff had alleged sufficient minimum contacts between the defendant[] and the forum state" before considering the fiduciary shield doctrine.[2] Here, none of Plaintiff's allegations substantiate the requisite minimum contacts between Mr. Balot and Louisiana.

The first group of Plaintiff's threadbare allegations includes those that do not even appear to concern the State of Louisiana, much less any personal conduct by Mr. Balot. For example, the allegation that Mr. Balot "designed the business model for ABC Phones" (Opp. at 1) does not allege any connection to Louisiana, and, in any event, Mr. Balot's work for ABC was performed at all times from either North Carolina or Florida. (*See* "Balot Decl.," ECF No. 53-2 at ¶ 20.) Likewise, Plaintiff's allegations that Mr. Balot "is the founder, owner, and Chief Executive Officer

---

[2] *Matlock v. Wal-Mart Stores Inc.*, No. CV 3:07-1360-B ECF, 2008 WL 11424341, at *6 (N.D. Tex. July 10, 2008) (finding no personal jurisdiction in the context of FLSA claims, and holding "[o]nly when the Court [finds] sufficient minimum contacts . . . [should it] proceed to the second step—determining whether any of the alleged minimum contacts should be disregarded based on the fiduciary shield doctrine."); *Schultz*, 2017 WL 8182730 at *5 (finding no personal jurisdiction in the context of FLSA claims, and first determining the existence of any minimum contacts between defendant and the forum state before discussing fiduciary shield doctrine).

3

2436450v.1

of [ABC]," that ABC's business model allegedly "included a policy to omit commissions from overtime compensation," and that Mr. Balot "regularly exercises the authority to hire and fire employees" have, on their face, no connection to the State of Louisiana, from the plain language of Plaintiff's conclusory allegations in her Complaint.  Furthermore, in a sworn affidavit, Mr. Balot has testified that he has not been involved in the implementation of ABC's policies and practices regarding timekeeping, payroll, and overtime, and in any event, such policies and practices were developed, approved, and instituted in North Carolina at ABC's headquarters – facts that Plaintiff cannot rebut.  (Balot Decl. ¶ 19.)

All told, such allegations "fail to demonstrate any individualized conduct taken in the forum state" by Mr. Balot, as all relevant actions attributed to Mr. Balot took place in North Carolina.  *See Kharb v. Ericsson, Inc.*, No. 4:17-CV-619-ALM-CAN, 2018 WL 8369848, at *4 (E.D. Tex. Nov. 5, 2018) (dismissing FLSA claims for Texas court's lack of personal jurisdiction over senior executive of company, where "[t]he majority, if not all, of the actions Plaintiff attributes to [defendant] took place in Washington.").

The second group of such insufficient allegations are those which Plaintiff attempts to characterize in her Opposition as contacts between Mr. Balot and Louisiana; however, these allegations only establish the fact that *ABC as a corporate entity* has contacts with the State of Louisiana and do not speak to any personal contacts of Mr. Balot's.  Plaintiff attaches to her Opposition ABC's Application for Authority to Transact Business in Louisiana and further alleges that Mr. Balot "decided to operate ABC Phones within the State of Louisiana."  (Opp. at 1.)  In addition, Plaintiff to attempts clarify her allegation that Mr. Balot "exercised authority to . . . determine the work schedules for the employees" (Compl. ¶ 12) to now state that it refers to employees "within the State of Louisiana."  (Opp. at 2.)  Plaintiff also makes a new allegation in

her Opposition, not present in the Complaint, that Mr. Balot "decided that its nation-wide payroll policy would apply to citizens of the State of Louisiana that worked for ABC Phones." (Opp. at 1.) These limited facts offered by Plaintiff do not remotely meet the legal standard.

As the Western District of Texas held in finding it lacked personal jurisdiction over an individual defendant in an FLSA overtime case, "there is no indication that [Mr. Balot], as opposed to [ABC], was in any way involved in choosing to employ Plaintiff, knowing [she] was in [Louisiana]." *Klinge*, 2020 WL 3415877, at *6. The *Klinge* court found that it lacked personal jurisdiction over the individual defendant, who was the "owner, principal, officer and/or director" of the company, because the plaintiff at most established that the defendant "made decisions in Tennessee that affected [the company's] employees, including Plaintiff in Texas." *Id.* at *1, 6. The court even held that "knowing that Plaintiff was a Texas resident and that her decisions would cause harm to him in Texas is insufficient" for purposes of specific personal jurisdiction. *Id.* at *6. Here, Mr. Balot did not have "any meaningful contacts with [Louisiana] connected to this litigation," as any effects in Louisiana of Mr. Balot's actions "were at most incidental to [Mr. Balot's] decisions made in [North Carolina]," *see id.*, given that Mr. Balot has never met Duplechain, never spoken to Duplechain, never seen Duplechain, and had never heard of Duplechain prior to this lawsuit (Balot Decl. at ¶¶ 15–18). Further, Mr. Balot has disavowed all meaningful contact with Louisiana, declaring that he never worked from Louisiana, never maintained a personal office in Louisiana, and "never visited an ABC store in Louisiana." (Balot Decl. at ¶¶ 13-14, 20.) *See Schultz*, 2017 WL 8182730, at *6 (finding no personal jurisdiction where defendant "filed a declaration disavowing any meaningful contact with the [forum state]").

The single case that Plaintiff offers to support her argument is *Donovan v. Grim Hotel Co.*, which—quite differently from the facts here—involved a defendant who was found to have

5

jurisdictional contacts with Texas when he "regularly travelled to Texas in connection with the operation of the Texas hotels." 747 F.2d 966, 973 (5th Cir. 1984) (finding personal jurisdiction on the basis of defendant's "personal presence in Texas in connection with these acts").[3] There are no such analogous facts here. (*See* Balot Decl. at ¶¶ 14–18, 20.) Therefore, the decades-old (and only) case Plaintiff cites is unpersuasive, in light of the numerous decisions discussed above.

Because Plaintiff "has not alleged sufficient minimum contacts, the Court's analysis would normally end here without the need to consider whether the fiduciary shield doctrine would shield some of these alleged contacts." *Matlock*, 2008 WL 11424341, at *3. But even if the Court were to determine that Plaintiff alleged some degree of minimal contacts between Mr. Balot and Louisiana, all such actions by Mr. Balot were undertaken on behalf of ABC in his capacity as CEO and thus should be disregarded based on the "fiduciary shield" doctrine.[4] Louisiana courts have held in the context of FLSA claims that activities similar to (and broader than) those referenced by Plaintiff are properly characterized as being "on behalf of [the company] and in the "capacit[y] as representatives of [the company]." *See Cooper*, 2017 WL 1086186, at *5. In *Cooper*, defendants "made periodic visits to [] Louisiana," attended a meeting in Louisiana, and attended a "[company] Christmas party that was held in Louisiana," and the court viewed these actions as on behalf of the company, not "personal contacts with Plaintiffs." *Id.* at *4-5.[5]

---

[3] Moreover, the *Donovan* case was decided under Texas state law on the basis of a Texas Supreme Court decision regarding jurisdiction over non-resident corporate officers, not applicable here. *See Donovan* 747 F.2d at 973 n.11.

[4] *See Sheriff's Office of St. Tammany Par. v. Nathan*, No. CIV.A. 14-442, 2015 WL 3651343, at *4 (E.D. La. June 11, 2015) (finding no specific personal jurisdiction because defendant "is protected from the assertion of jurisdiction arising out of any business conducted on behalf of the company in Louisiana by the fiduciary-shield doctrine.").

[5] *See also Stuart v. Spademan*, 772 F.2d 1185, 1198 (5th Cir. 1985) (holding that even where plaintiffs "considered themselves to be dealing with [defendant] individually" the defendant's actions were in the capacity of the business for which he was president); *Sousa ex rel. Sousa v. Prosser*, No. CIV.A. 03-2942, 2004 WL 1497764, at *4 (E.D. La. July 1, 2004) (finding no specific personal jurisdiction where defendant's actions "were taken in his corporate capacity on behalf of his corporate employer," and noting that defendant "did not personally render professional services to [plaintiff]" and "has never been to Louisiana and has no personal contacts in the state").

6

2436450v.1

Indeed, Mr. Balot's signature on a form for conducting business in Louisiana was made in his capacity as President of ABC, and such form requires that the signatory be an "officer" of the company. (*See* ECF No. 55-1 at 2.) Under the fiduciary shield doctrine, merely affixing an electronic signature on behalf of ABC's business is not sufficient contact with Louisiana for jurisdictional purposes.[6]

Because Plaintiff does not allege any conduct performed by Mr. Balot outside of the scope of Mr. Balot's corporate authority, the Court should disregard any such alleged conduct of Mr. Balot's under the fiduciary shield doctrine. *See Cooper*, 2017 WL 1086186, at *6 (holding that fiduciary shield doctrine bars personal jurisdiction over individual defendants in the context of FLSA claims, where the alleged conduct was within "the scope of their corporate authority").

Having no proper argument to establish personal jurisdiction, Plaintiff misleadingly argues that she is not seeking to hold Mr. Balot "derivatively liable" for ABC's actions but liable as an employer under the FLSA, and cites no facts in support of labeling Mr. Balot an "employer" under the FLSA, merely parroting the statute (*See* Opp. at 5-6 (quoting *Donovan v. Grim Hotel Company*, 747 F.2d 966, 973 (5th Cir. 1984).) This is a red herring, as Plaintiff is attempting to "conflate[] personal jurisdiction with liability." *Matlock*, 2008 WL 11424341, at *5. ABC's Motion does not raise the issue of Mr. Balot's *liability* whatsoever. Rather, "the issue of personal jurisdiction is **separate from, and antecedent to**, any potential liability of Defendant [] in a FLSA lawsuit." *Guillory*, 2007 WL 7239890, at *4; *see also Sher v. Johnson*, 911 F.2d 1357, 1365 (9th

---

[6] *See Guillory v. JK Harris & Co.*, No. CIV.A H-07-1155, 2007 WL 7239890, at *4 (S.D. Tex. Aug. 24, 2007) (finding no personal jurisdiction over FLSA defendant, where "Plaintiffs do not set forth any other possible connections between Defendant and the forum state, other than the fact that Defendant [] is an officer of corporations that do business in [the forum state]" and where defendant submitted "an uncontroverted affidavit disclaiming any contacts with [the forum state]"); *c.f. ANI Pharm., Inc. v. Method Pharm., LLC*, No. CV 17-1097, 2019 WL 176339, at *7 (D. Del. Jan. 11, 2019) (finding no personal jurisdiction where signature on company's distribution contract would not provide the individual signor with "fair warning that suit might be brought against him in his personal capacity"); *In re Boon Glob. Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019) (CEO's signature on behalf of corporation "does not automatically establish sufficient minimum contacts") (internal quotations omitted).

7

2436450v.1

Cir. 1990) ("Liability and jurisdiction are independent. . . . Regardless of their joint liability, jurisdiction over each defendant must be established individually.")  Here, the fact that Plaintiff was employed in Louisiana and "seeks to hold [Mr. Balot] liable as an employer under the FLSA . . . does not alone establish personal jurisdiction in the forum state." *Klinge*, 2020 WL 3415877, at *4; *Matlock*, 2008 WL 11424341, at *3 ("A finding by this Court that [defendants] were employers under the FLSA . . . would still not establish personal jurisdiction over [defendants] in [the forum state]."); *see also Langlois v. Deja Vu, Inc.*, 984 F. Supp. 1327, 1334 (W.D. Wash. 1997) ("This Court must first find that jurisdiction exists over an out-of-state Defendant **before** the Court labels the out-of-state Defendant an 'employer' under the FLSA.") (emphasis added). In sum, to establish personal jurisdiction, Plaintiff cannot merely label Mr. Balot her "employer" – she is required to make a *prima facie* showing of minimum contacts between Mr. Balot and Louisiana, which she has failed to do here.

        **B.**       **There Is No General Jurisdiction Over Richard Balot in Louisiana**

As briefed in ABC's Motion, this Court also has no general jurisdiction over Mr. Balot in this matter because Plaintiff has not shown that Mr. Balot could be considered "at home" in Louisiana.  *See Devries v. Bulldog Well Testing LLC*, No. 7:16-CV-00338, 2017 WL 1134318, at *3 (S.D. Tex. Mar. 27, 2017) ("[I]n the case of individual defendants, the paradigm forum for the exercise of general jurisdiction is the individual's domicile.") (internal quotations omitted).  On Plaintiff's own acknowledgement, Mr. Balot resides in North Carolina, not Louisiana.  (Balot Decl. ¶¶ 4–5; Compl. ¶ 3.)  Similar to the defendant in *Devries*, 2017 WL 1134318, at *6, Mr. Balot has never resided in Louisiana, does not own real property in Louisiana, does not have any mortgages in Louisiana, has never opened a bank account in Louisiana, has never paid property

taxes in Louisiana, has never registered to vote in Louisiana, has never had a Louisiana driver's license, and has never maintained a telephone number listed in Louisiana. (Balot Decl. ¶¶ 5–13.)

    **C. Jurisdictional Discovery Should Be Denied Due To Plaintiff's Failure to Establish *Prima Facie* Personal Jurisdiction**

In light of Plaintiff's failure to allege any facts that would support this Court's personal jurisdiction over Mr. Balot, Plaintiff's request for jurisdictional discovery should be denied. It is settled Fifth Circuit law that it is Plaintiff's burden to "demonstrate[e] the necessity of discovery" and that Plaintiff "is not entitled to jurisdictional discovery when the record shows that the requested discovery is not likely to produce the facts needed to withstand a [Rule 12] motion." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). Here, discovery related to Mr. Balot's "connection to [] opening specific ABC Phones locations in Louisiana" (Opp. at 7) will not establish jurisdiction, not least because of the application of the fiduciary shield doctrine.[7] Similarly, discovery regarding the "drafting, authorization of, and revisions to the employee handbook" would not avoid the effect of the fiduciary shield doctrine and would be nothing more than an impermissible fishing expedition, given Mr. Balot's sworn affidavit that he "ha[d] not been involved in the implementation of ABC's policies and practices regarding timekeeping, payroll, and overtime." (Balot Decl. ¶ 19.)[8] As such, the Court should deny Plaintiff's request for jurisdictional discovery and dismiss Plaintiff's claims against Mr. Balot.

---

[7] *See Embry v. Hibbard Inshore, L.L.C.*, 803 F. App'x 746, 749 (5th Cir. 2020) (per curiam) (plaintiff not entitled to jurisdictional discovery "if the record shows that discovery is not likely to produce the facts needed to withstand [defendant's] motion to dismiss"); *Bonner v. Triple-S Mgmt. Corp.*, 661 F. App'x 820, 822 (5th Cir. 2016) (per curiam) ("When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted.") (internal citations and quotations omitted).

[8] *See Bonvillain v. Louisiana Land & Expl. Co.*, 702 F. Supp. 2d 667, 686 (E.D. La. 2010), aff'd, 431 F. App'x 319 (5th Cir. 2011) ("Judicial discovery is inappropriate when the plaintiff fails to present a prima facie case of personal jurisdiction. Courts will not allow a plaintiff who fails to establish prima facie personal jurisdiction to conduct a fishing expedition in order to make a case.") (internal citations omitted); *Deemer v. Bontz*, No. CIV A 4:07-CV-380-Y, 2007 WL 3129485, at *8 (N.D. Tex. Oct. 25, 2007) (denying jurisdictional discovery where plaintiff "has failed to present a prima facie case of either specific or general in personam jurisdiction over Defendants").

2436450v.1

### D.     Plaintiffs Does Not Appear to Oppose Mr. Balot's Alternative Joinder

In the event this Court does not find that it lacks personal jurisdiction over Mr. Balot, as set forth in the Motion, Mr. Balot alternatively joins ABC's pending Motion to Stay, Motion to Transfer Venue, Motion to Compel Arbitration, and Motion to Dismiss for Failure to State a Claim in their entirety because ABC's arguments also apply to Mr. Balot. Plaintiff did not offer any argument in response to Mr. Balot's joinder in these motions. (*See* Opp. at 7 ("Mr. Balot joins in the arguments previously briefed by ABC Phones. . . . This Court has before it sufficient arguments on those issues that it needs not be recited herein.").) Thus, the Court should grant the relief it deems proper under such pending motions as to both ABC and Mr. Balot.

### III.     CONCLUSION

Plaintiff has failed to allege personal jurisdiction over Mr. Balot, and thus the Court should deny Plaintiff's request for jurisdictional discovery and dismiss Plaintiff's claims against Mr. Balot in their entirety. Alternatively, the Court should grant the Motions to Stay, Transfer, Compel Arbitration, and/or Dismiss for Failure to State a Claim, as to both ABC and Mr. Balot.

Dated:  October 23, 2020                         Respectfully Submitted,

2436450v.1

/s/ *Angela C. Zambrano*
Angela C. Zambrano
*admitted pro hac vice*
angela.zambrano@sidley.com
Texas Bar. No. 24003157
Margaret Hope Allen
*admitted pro hac vice*
margaret.allen@sidley.com
Texas Bar No. 24045397
Natali Wyson
*admitted pro hac vice*
nwyson@sidley.com
Texas Bar. No. 24088689
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300

*Counsel for Defendant Richard Balot*

/s/ *Thomas Peak*
Thomas Peak
tom.peak@taylorporter.com
Louisiana Bar. No. 14300
Robert W. Barton
bob.barton@taylorporter.com
Louisiana Bar. No. 22936
Taylor, Porter, Brooks & Phillips L.L.P
450 Laurel Street, Suite 800
Baton Rouge, LA 70801
Telephone: 225-387-3221
Facsimile: 225-346-8049

*Local Civil Rule 83(b)(8) Counsel for Defendant Richard Balot*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2020, I have electronically filed the foregoing with the clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record:

James R Bullman
The Bullman Law Firm, LLC
201 Saint Charles Street
Baton Rouge, LA 70802
(225) 993-7169
james@thebullmanlawfirm.com

Brian Francis Blackwell
Blackwell & Bullman, LLC
8322 One Calais Avenue
Baton Rouge, LA 70809
225-769-2462
brian@blackwell-bullman.com

                                              */s/ Thomas Peak*
                                              Thomas Peak
                                              tom.peak@taylorporter.com
                                              Louisiana Bar. No. 14300
                                              Robert W. Barton
                                              bob.barton@taylorporter.com
                                              Louisiana Bar. No. 22936
                                              Taylor, Porter, Brooks & Phillips L.L.P
                                              450 Laurel Street, Suite 800
                                              Baton Rouge, LA 70801
                                              Telephone: 225-387-3221
                                              Facsimile: 225-346-8049

                                              *Local Civil Rule 83(b)(8) Counsel for Defendant Richard Balot*

2436450v.1