IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KRISTI DUPLECHAIN,<br><br>individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ABC PHONES OF NORTH CAROLINA, INC., and RICHARD BALOT,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§   No. 3:20-cv-00287-JWD-SDJ<br>§<br>§<br>§<br>§<br>§<br>§ |

**JOINT STIPULATION FOR APPROVAL OF SETTLEMENT AND
DISMISSAL OF CLAIMS WITH PREJUDICE**

This Joint Stipulation for Approval of Settlement and Dismissal of Claims with Prejudice (the "Stipulation") is made and entered into between Plaintiff Kristi Duplechain ("Plaintiff" or "Duplechain") and Defendants ABC Phones of North Carolina, Inc. ("ABC") and Richard Balot ("Balot") (together, "Defendants" and collectively with Plaintiff, the "Parties"), by and through their respective counsel.

1.  **Stipulated Recitals**

    a.  Plaintiff, a former employee of ABC, commenced the above-captioned action ("the Lawsuit") on May 11, 2020 by filing a FLSA Collective Action Complaint in the United States District Court for the Middle District of Louisiana entitled *Kristi Duplechain v. ABC Phones of North Carolina, Inc. and Richard Balot*, Case No. 3:20-cv-00287-JWD-SDJ ("Complaint"). (Dkt. No. 1, Ex. A.) Plaintiff brought a claim on behalf of herself and a putative collective against Defendants for failure to pay

2604406v.1

        overtime under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*. (the "Lawsuit"). The putative collective in the Lawsuit was never conditionally or finally certified by the Court.

b.   On October 23, 2020, the Court ordered Plaintiff to individually arbitrate her claims against Defendants, as required by the Parties' arbitration agreement, and stayed the Lawsuit pending the outcome of that arbitration.

c.   On December 8, 2020, Plaintiff submitted her demand for individual arbitration to the American Arbitration Association, and the Parties have been engaged in the arbitral process since that time (the "Arbitration").

d.   The Parties now wish to compromise and settle all claims and causes of action of any kind whatsoever that Plaintiff or Defendants may have against one another.

e.   This Stipulation relates to an individual settlement, and not a collective or class action settlement. It does not involve any persons not before the Court and does not require the sending of any notices.

f.   The Parties, through their counsel, are familiar with the facts of the Lawsuit and the legal issues raised by the pleadings and exchanged significant discovery before their confidential mediation with a neutral third-party mediator.

g.   In consideration of the record, and in advance of proceeding further in arbitration, the Parties engaged in such confidential mediation and settlement negotiations and a proposed settlement agreement was reached

       (the "Settlement Agreement").  The terms and conditions of the Settlement Agreement provided to the Court and reflected in this Stipulation are a product of fair, arms-length negotiations, after pre-mediation discovery, between competent and experienced counsel, with the assistance of the mediator, in consideration of all of the claims and defenses presented, as well as the risks and expenses of continued arbitration.

h.    Plaintiff was employed by ABC as a Sales Consultant and worked in this role from April 9, 2019 and April 4, 2020, after which she provided notice of her desire to voluntary resign from employment with ABC, effective May 29, 2020.

i.    Defendants deny any liability or wrongdoing of any kind associated with the claims alleged in this Lawsuit.  Defendants contend that they have at all times complied with the FLSA and all other applicable federal and state laws.  Nevertheless, Defendants have entered into the settlement reflected in this Stipulation to avoid the cost and inconvenience of further arbitration or litigation.

j.    The Parties have entered into this Stipulation because the settlement set forth herein reflects a fair and reasonable compromise of the disputed issues in the Lawsuit and the Arbitration, chiefly, if and to what extent Plaintiff may be owed overtime compensation.  Plaintiff believes that the certainty of settlement is better than the uncertain outcome of protracted arbitration or litigation.  Plaintiff, Defendants, and their respective counsel

stipulate and agree that the terms and conditions of settlement set forth in this Stipulation are fair, reasonable, and in the best interest of the Parties.

k.  Nothing in this Stipulation shall be construed or deemed to be an admission of liability or wrongdoing on the part of Defendants. Pursuant to Rule 408 of the Federal Rules of Evidence, this stipulation shall not be admissible in evidence in any proceeding; provided, however, that the Stipulation may be filed and used in this lawsuit or any related litigation as necessary to approve, interpret, or enforce this Stipulation, or in any subsequent action against or by Defendants to support a stay of such subsequent action, or to establish a defense of res judicata, collateral estoppel, waiver, release, or any other theory of claim preclusion, issue preclusion, or similar defense, claim, or counterclaim.

**2.   Dismissal of the Lawsuit with Prejudice**

Pursuant to the terms and conditions of the Settlement Agreement and this Stipulation, Plaintiff agrees that her claims alleged in the Lawsuit and the Arbitration, including the FLSA claim set forth in the Complaint, may and should be dismissed by the Court **WITH PREJUDICE**. Except as otherwise provided in this Stipulation, all Parties will be responsible for their own costs and attorney's fees.

**3.   Settlement Consideration**

In exchange for: (1) dismissal of the Lawsuit as described in Section 2 of this Stipulation; (2) Plaintiff's execution of a settlement agreement in a form acceptable to all Parties (which Settlement Agreement has been provided to the Court *in camera*); and (3) the representations

and stipulations of Plaintiff and Plaintiff's counsel as set forth in this Stipulation, Defendants agree to pay or cause to be paid the settlement payment set forth in the Settlement Agreement (the "Settlement Payment") for alleged but disputed unpaid wages to resolve all claims alleged in the Lawsuit and related wage claims ("Defendants' Released Claims," as defined in Section 4 of this Stipulation). The Settlement Payment includes Plaintiff's attorneys' fees and costs. It is agreed and understood between the Parties that such Settlement Payment resolves any and all disputes between the Parties, including any coverage of Plaintiff's attorneys' fees, costs, and expenses expended in furtherance of or related to any and all claims asserted in this case.

4. **Waiver and Mutual Release of Claims; Covenant Not to Sue.**

As a material inducement to Defendants to enter into this Stipulation, and in consideration of Defendants' promise to make the payments set forth in Section 3 of this Stipulation, the Parties have executed the Settlement Agreement prepared by the Parties' counsel and Duplechain, on behalf of herself and her agents, spouse, heirs, executors, successors and assigns (the "Duplechain Releasing Parties"), therein fully, forever, knowingly, voluntarily, and generally releases, remises, and forever discharges Defendants, and any of their respective past, present, or future parents, subsidiaries, or affiliates, and any of their respective partners, members, executives, shareholders, equity holders, subsidiaries, divisions, affiliates, predecessors, predecessors-in-interest, successors, successors-in-interest, assignors, assignees, employees, officers, managers, directors, equity holders, associates, advisors, consultants, attorneys, personal or legal representatives, agents, accountants, auditors, insurers, co-insurers, and reinsurers (collectively, the "Defendant Released Parties"), to the fullest extent permitted by law, from any and all sums of money, suits, claims, counterclaims, debts, dues, demands, fees,

2604406v.1

costs, expenses, attorneys' fees, penalties, fines, rights, grievances, liabilities, and causes of actions of any kind, asserted or unasserted, express or implied, direct or derivative, foreseen or unforeseen, known or unknown, suspected or unsuspected, mature or unmatured, fixed, contingent or vested, accrued or unaccrued, liquidated or unliquidated, of any kind or nature or description whatsoever, whether based in statute, equity, common law, contract, tort, federal law, Louisiana law or other state law, or any other grounds or authority or otherwise, which the Duplechain Releasing Parties may now own, hold, have or claim against the Defendant Released Parties, including, but not limited to, any and all claims that were asserted in the Lawsuit or Arbitration, could have been asserted in the Lawsuit or Arbitration, or that arise out of, are based upon, or relate in any way to the Lawsuit, Arbitration, and/or Duplechain's employment with the ABC, or claims relating in any way to (i) the payment or non-payment of wages or overtime wages or compliance with wage laws, regulations, or ordinances; (ii) Title VII of the Civil Rights Act of 1964; (iii) the Civil Rights Act of 1991; (iv) sections 1981 through 1988 of Title 42 of the United States Code; (v) the Employee Retirement Income Security Act of 1974, including, but not limited to, sections 502(a)(1)(A), 502(a)(1)(B), 502(a)(2), and 502(a)(3) to the extent the release of such claims is not prohibited by applicable law; (vi) the Immigration Reform Control Act; (vii) the Americans with Disabilities Act of 1990; (viii) the National Labor Relations Act; (ix) the Occupational Safety and Health Act; (x) the Family and Medical Leave Act of 1993; (xi) any state anti-discrimination law; (xii) any state wage and hour law and/or wage payment law, including, but not limited to, La. R.S. 23:631, *et seq.*; (xiii) any employment contract, incentive compensation plan or stock option plan with any of the Defendant Released Parties or to any ownership interest in any Defendant Released Party; (xiv) the Age Discrimination in

Employment Act of 1967 (the "ADEA"); (xv) the Older Workers Benefit Protection Act, and (xvi) compensation or benefits of any kind (collectively, "Duplechain's Released Claims").

Notwithstanding the foregoing, the release does not release (i) Duplechain's right to enforce the terms of this Stipulation, or (ii) any Duplechain's Released Claims that cannot be waived under applicable law, including any rights to workers' compensation or unemployment insurance. Pursuant to the release of the Duplechain's Released Claims, to the extent permitted by law, Plaintiff covenants and agrees not to (i) assert any Duplechain's Released Claims or any similar or related claims against any of the Defendants Released Parties in any forum, and (ii) encourage or assist anyone to assert any Duplechain's Released Claims or any similar or related claims against any of the Defendants Released Parties.

In further consideration of the promises set forth in the in this Stipulation and the Settlement Agreement, each of Defendants, for itself as well as each of its past, present, or future parents, subsidiaries or affiliates, together with all of the foregoing entities' respective current and former principals, officers, directors, partners, shareholders, agents, representatives, attorneys, insurers, members, managers, and employees (collectively, the "Defendant Releasing Parties") hereby forever, knowingly, voluntarily, and generally releases, remises, and forever discharges Duplechain and her agents, spouse, heirs, executors, attorneys, personal or legal representatives, agents, successors and assigns (collectively, the "Duplechain Released Parties"), to the fullest extent permitted by law, from any and all sums of money, suits, claims, counterclaims, debts, dues, demands, fees, costs, expenses, attorneys' fees, penalties, fines, rights, grievances, liabilities, and causes of actions of any kind, asserted or unasserted, express or implied, direct or derivative, foreseen or unforeseen, known or unknown, suspected or

unsuspected, mature or unmatured, fixed, contingent or vested, accrued or unaccrued, liquidated or unliquidated, of any kind or nature or description whatsoever, whether based in statute, equity, common law, contract, tort, federal law, Louisiana law or other state law, or any other grounds or authority or otherwise, which the Defendant Release Parties may now own, hold, have or claim against the Duplechain Released Parties including, but not limited to, any and all claims or counterclaims that were asserted in the Lawsuit or Arbitration, could have been asserted in the Lawsuit or Arbitration, or that arise out of, are based upon, or relate in any way to the Lawsuit, Arbitration, and/or Duplechain's employment with the Company (collectively, "Defendants' Released Claims")

ACCORDINGLY, based upon the recitals, stipulations, and agreements contained within this Stipulation, as well as additional settlement detail communicated to the Court, the Parties jointly request that the Court enter an Order:

1. APPROVING the terms of the Parties' resolution of Plaintiff's claims for unpaid wages and attorney's fees as a fair and reasonable resolution of a bona fide dispute regarding unpaid wages under the FLSA; and

2. DISMISSING the individual claims asserted by Plaintiff in the Complaint WITH PREJUDICE.

Dated: June 21, 2021                Respectfully Submitted,

                                    /s/ Angela C. Zambrano

2604406v.1

Angela C. Zambrano
*admitted pro hac vice*
angela.zambrano@sidley.com
Texas Bar. No. 24003157
Margaret Hope Allen
*admitted pro hac vice*
margaret.allen@sidley.com
Texas Bar No. 24045397
Natali Wyson
*admitted pro hac vice*
nwyson@sidley.com
Texas Bar No. 24088689
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300

*Counsel for Defendants ABC Phones of North Carolina, Inc. and Richard Balot*


/s/ *Thomas Peak*
Thomas Peak
tom.peak@taylorporter.com
Louisiana Bar. No. 14300
Robert W. Barton
bob.barton@taylorporter.com
Louisiana Bar. No. 22936
Taylor, Porter, Brooks & Phillips L.L.P
450 Laurel Street, Suite 800
Baton Rouge, LA 70801
Telephone: 225-387-3221
Facsimile: 225-346-8049

*Local Civil Rule 83(b)(8) Counsel for Defendants ABC Phones of North Carolina, Inc. and Richard Balot*


/s/ *James R. Bullman*
James R. Bullman, Bar Roll No. 35064 –T.A.
Brian F. Blackwell, Bar Roll No. 18119
james@blackwell-bullman.com
Blackwell & Bullman, LLC

9

8322 One Calais Ave.,
Baton Rouge, LA 70809
Telephone: 225-769-2462
Facsimile: 225-769-2463

*Counsel for Plaintiff Kristi Duplechain*

2604406v.1